IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHERMAN JILTON, )
)
              Plaintiff, )
)
v. ) No. 06 C 3905
)
COOK COUNTY DEPARTMENT OF )
CORRECTIONS/MEDICAL-CERMAK, )
)
              Defendant. )

MEMORANDUM ORDER

Sherman Jilton ("Jilton") has brought a 42 U.S.C. §1983 ("Section 1983") Complaint against a defendant identified as "Cook County Department of Corrections/Medical-Cermak," using the form provided by this District Court's Clerk's Office for use by persons in custody and completing that form with handwritten statements. Jilton has also attached two barely legible grievance forms as exhibits. This Court has conducted the preliminary screening called for by 28 U.S.C. §1915A(a),[1] and it dismisses both the Complaint and this action pursuant to Section 1915A(b)(1).[2]

Jilton complains that he has been frustrated in getting

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Because Jilton's only filing shown on the docket is the Complaint, with none of the submissions called for by Section 1915, he is obligated to pay the $350 filing fee. If Jilton tenders any such submissions hereafter, this Court will consider establishing a payment schedule for that fee in accordance with the Section 1915 standards and procedures.

medical attention for some unspecified purpose--his Complaint ¶V "Statement of Claim" is attached as an exhibit to this memorandum order. But such lack of attention (accepted as true for present purposes) does not qualify as a constitutional violation, for the seminal opinion in <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)(emphasis added) requires a showing of "<u>deliberate indifference</u> to <u>serious medical needs</u> of prisoners." And all of <u>Estelle</u>'s progeny through <u>Farmer v. Brennan</u>, 511 U.S. 825, 835-837 (1994) and beyond have continued to hold that an Eighth Amendment claim does not exist "unless the official knows of and disregards an excessive risk to inmate health or safety" based upon an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" (<u>id</u>. at 837). Only then does the "cruel and unusual punishment" that is outlawed by the Eighth Amendment exist (<u>id</u>.).

Accordingly Jilton has simply failed to state a Section 1983 claim. That makes it unnecessary to address other deficiencies, such as the naming of an inappropriate defendant for such a 1983 claim. As stated at the outset, both the Complaint and this action are dismissed. This dismissal constitutes a "strike" for purposes of Section 1915(g).

                                               /s/ Milton I. Shadur
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: July 24, 2006

## V. Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

I have been putting request to go to sick call. After a month of waiting I filed a grievance on 5/24/06. On 6/6/06 a man came to my living unit and asked me to sign the grievance. He told me it was being referred to Nursing - Cormack and I would be called. It is now 7-12-06 and I have not been called.

Revised: 7/20/05